NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

BRANDI LEIGH FARNBERG,
*Appellant*.

No. 1 CA-CR 21-0393
FILED 11-8-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-152372-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1  Brandi Leigh Farnberg appeals her conviction and sentence for misconduct involving weapons. After searching the entire record, Farnberg's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Farnberg was given an opportunity to file a supplemental brief *in propria persona* but has not done so. Finding no reversible error, we affirm Farnberg's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2  On October 25, 2018, police were surveilling a house in Phoenix, Arizona. An officer saw Farnberg walk out of the house and place a suitcase and basket on the ground near a Cadillac. Farnberg then walked back towards the house while Jesus Amaya, who recently drove the Cadillac to the house, placed the suitcase and basket in the backseat area of the car. Farnberg returned to the car and drove away with Amaya in the front passenger seat. Officers followed and later stopped the car for a traffic violation. When officers searched the car, they found a loaded handgun, wrapped in a red dress, inside a backpack on the floorboard behind the driver's seat. Underneath the dress and handgun, police also found a prescription bottle with Farnberg's name on it.

¶3  The State charged Farnberg with misconduct involving weapons under A.R.S. § 13-3102(A)(4) (knowingly possessing a deadly weapon while being a prohibited possessor), a class 4 felony. She was tried in the spring of 2021. At trial, several police officers, Amaya, and Farnberg testified. The officers testified about surveilling the house, and stopping

---

[1]  "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

and searching the Cadillac. One officer testified that, at the scene, Farnberg denied owning the gun and backpack but admitted using the backpack to store her belongings, putting her prescription in the backpack, and finding the handgun on the back seat and placing it in the backpack.

¶4 Amaya testified that he had never seen Farnberg carry the backpack, carry a gun, or wear the red dress. He testified that those items were likely left by someone who rode in the back seat of the Cadillac the night before. Farnberg testified that the backpack and items, other than the prescription pills, were not hers and denied telling police that she stored things or put the handgun in the backpack. She also testified that she never touched the gun and that the prescription pills fell out of her purse while she was looking for her identification after being pulled over.

¶5 The superior court explained to the jury that misconduct involving weapons requires proof that the defendant knowingly possessed a deadly weapon and was a prohibited possessor at the time of possession of the weapon. *See* A.R.S. § 13-3102(A)(4). The parties stipulated that Farnberg was a prohibited possessor. The jury convicted Farnberg of misconduct involving weapons. The superior court later found, and Farnberg admitted, that she had two prior historical felony convictions. The superior court determined Farnberg was a category three repetitive offender and sentenced her to a less-than-presumptive eight-year term of imprisonment.

¶6 Farnberg timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 Our review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the record reveals that counsel represented Farnberg at all stages of the proceedings. *See* Ariz. R. Crim. P. 19.2. The State presented sufficient evidence from which the jury could determine Farnberg's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was comprised of eight members. *See* A.R.S. § 21-102(B). The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offense. The court received a presentence report. Ariz. R. Crim. P. 26.4. The court afforded Farnberg an opportunity to speak at sentencing, imposed a sentence within the statutory limits, and stated on

the record the evidence and factors it considered in imposing the sentence. *See* A.R.S. §§ 13-701, -703; Ariz. R. Crim. P. 26.9, 26.10.

## CONCLUSION

**¶8**      We affirm Farnberg's conviction and sentence.

**¶9**      Upon the filing of this decision, defense counsel shall inform Farnberg of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Farnberg shall have 30 days from the date of this decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA